# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • JONESDAY.COM

December [...]

VIA ECF
Hon. Philip M. Halpern
United States District Judge
Southern District of New York
300 Quarropas Street, Room 530
White Plains, NY 10601

    Re:    *Burgard et al. v. Int[...]*

Dear Judge Halpern:

Pursuant to Rule 4(D) of Your Hon[...] 37.2, Defendant requests a pre-motion di[...] Plaintiff (together with the eight opt-in plaintiffs, "Plaintiffs").[1]

> Application granted. The Court will hold an in-person discovery conference on January 23, 2025 at 4:00 p.m. in the White Plains Courthouse.
>
> The Court will separately direct the parties about the Courtroom for the in-person conference.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>              January 2, 2025

## Defendant's Position

**1) *Subsequent Employment Materials*.** Plaintiffs claim they and other Executive Assistants are entitled to unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York law. IBM asserts multiple defenses, including that Plaintiffs are exempt from overtime requirements. (Dkt. 26 at 16). "[E]xecutive assistant[s]" are specifically identified in FLSA regulations as a type of employee who can qualify for the administrative exemption, including by satisfying the so-called "duties" test of the exemption. 29 C.F.R. § 541.203(d). The "duties" test entails an examination of job duties, including whether they "relate to general business operations" and "involve the exercise of discretion and independent judgment." *See* 29 C.F.R. § 541.200; 29 C.F.R. § 541.601. As such, IBM requested documents showing how Plaintiffs describe their duties

---

[1] On November 19, 2024, counsel met and conferred over videoconference in attempt to resolve various discovery issues. The conference was attended by LaDonna Lusher, Michele Moreno, Kristina Yost, and Logan Kotler, and it lasted approximately 25 minutes. Upon Plaintiffs' request, the parties further conferred in writing via letter from Plaintiffs on December 4, 2024 and email correspondence between December 6 and December 16, 2024. The parties were able to narrow the issues, but reached impasse as to two issues outlined herein.

Hon. Philip M. Halpern
December 30, 2024
Page 2

JONES DAY

in their own words, e.g., resumes, cover letters, and job applications to future employers. (RFP No. 23 to Burgard, No. 17 to Opt-Ins).

These documents are unquestionably discoverable. *See, e.g.*, *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681, at *6 (S.D.N.Y. Mar. 20, 2015) ("[P]laintiffs' descriptions of their duties in resumes and job applications prepared during or after plaintiffs' employment with defendants … are plainly relevant to the claims and defenses."); *Lapointe v. Target Corp.*, 2017 WL 1397317, at *6 (N.D.N.Y. Mar. 6, 2017) (finding "job applications … may be relevant with respect to the issue of plaintiff's actual job duties while employed by defendant"). Plaintiffs themselves requested that IBM produce "[a]ll documents which describe the duties assigned to Executive Assistants," and those reflecting that their duties involve "discretion and independent judgment."

However, Plaintiffs refuse to produce the same documents, arguing that they are irrelevant because IBM classified Executive Assistants as overtime-eligible. But how an employer classifies its employees is not one of the criteria used to determine exempt status. *See* 29 C.F.R. § 541.200. Plaintiffs also rely on inapposite cases, involving disputes over subpoenas to third-party employers, including cases where the plaintiffs had already produced their resumes. *See Chen*, *infra*, at *12; *Jibowu*, *infra*, Dkt. 39 at 4.

**2) *Time Spent Not Working.*** Plaintiffs allege that they worked more hours than they were paid. To that end, they want to compare officially recorded work hours with timestamp data such as building badge swipes and log-in/out times, which they believe shows actual work hours. (Dkt. 24 ¶¶ 78-81). IBM, in turn, seeks documents showing times within those periods during which Plaintiffs were not working. (RFP No. 18 to Burgard, No. 12 to Opt-Ins). This is obviously relevant—as not all time during work hours is considered compensable time. For instance, *bona fide* breaks of 30 minutes or more are generally not compensable. *See, e.g.*, 29 C.F.R. § 785.18;

*id.* § 785.19. Moreover, Plaintiffs allege that IBM forced them to work through their meal breaks. (Dkt. 24 ¶ 85). Documents reflecting time spent not working are directly relevant to whether Plaintiffs enjoyed *bona fide* meal breaks (and how long those breaks were). *See id.* § 785.19. And—importantly—Plaintiffs spent much of the relevant period working remotely from home, and thus documents reflecting time not working may be among the most probative evidence of non-compensable time during the work day.

Plaintiffs' complaint about a "fishing expedition" rings hollow. IBM did not request every single personal text or email as Plaintiffs suggest, but rather documents reflecting time spent "not performing work." In fairness, Plaintiffs cannot try to piece together evidence of working hours using proxies for official timekeeping records yet deprive IBM of the right to demonstrate that such a method is flawed. Plaintiffs also argue that even if they engaged in non-working activities, IBM cannot withhold compensation. But this is simply inaccurate—as described above, not all time is compensable. Time that Plaintiffs may have spent attending to purely personal matters while working from home would not be compensable. *See* 29 C.F.R. § 778.223; *id.* § 785.15.

<u>**Plaintiffs' Position**</u>

**1)  Documents Submitted to Plaintiffs' Subsequent Employers.** This is not a misclassification case. During all relevant times, Defendant characterized Plaintiffs as non-exempt employees entitled to overtime pay. Rather, this is an off-the-clock case, where the only issue is whether Plaintiffs worked additional time for which they were not paid and, if so, for how many hours. Significantly, Plaintiffs allege that they regularly underreported their overtime hours as a result of systemic discouragement and retaliation by Defendant.

Documents allegedly related to the duties test under the FLSA's administrative exemption are irrelevant. It is undisputed that Plaintiffs were paid overtime for work over 40 hours – this is

documented in payroll records. Since Defendant included overtime as part of Plaintiffs' compensation, Plaintiffs have a legal right to overtime for work they already performed. In other words, compensation can be changed prospectively, however, Defendant cannot change compensation retroactively to less than what was promised during the time they characterized Plaintiffs as non-exempt employees.

Separately, the administrative exemption under 29 C.F.R. § 541.200 requires payment on a salary or fee basis. Yet, Plaintiffs were paid on an hourly basis with Defendant deducting an automatic 45-minute unpaid meal break from their working time each day. Defendant argues that Plaintiffs should not be compensated for their meal breaks, or any other time they did not work – practices that are only applicable to hourly workers. The administrative exemption is therefore not possible as a matter of law, and any related discovery is not relevant.

Finally, even in actual misclassification cases (which this case is not) the discovery Defendant requests is routinely denied. *See Chen v. SS&C Techs., Inc.*, 2023 U.S. Dist. LEXIS 38205, *9-10 (S.D.N.Y. Mar. 7, 2023) (what plaintiffs may have said in seeking positions with subsequent employers was not relevant to whether defendant properly classified plaintiffs during their employment); *Jibowu v. Target Corp.*, No. 17 Civ. 3875 (PKC) (CLP), 2018 WL 5282944, at *3 (E.D.N.Y. Sept. 17, 2018) (same); *Gambale v. Deutsche Bank AG*, No. 02 Civ. 4791 (HB) (DFE), 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (what plaintiff told executive search firms "about her skill set and qualifications" had "very limited relevance").

**2)** ***Request for Plaintiffs' Text Messages, Emails, Social Media, and Phone Logs.*** Defendant's request for "[a]ll documents reflecting any time [Plaintiffs'] spent during [their] scheduled shift hours…not performing work" is a complete fishing expedition, excessively overbroad, and extremely burdensome. Defendant wants all text messages, social media messages,

Hon. Philip M. Halpern
December 30, 2024
Page 5

JONES DAY

emails, and phone logs during the time Plaintiffs worked for Defendant, which would collectively entail dozens of years of records for each Plaintiff. Critically, such records would have little to no probative value, because even if Plaintiffs engaged in non-work-related activities during normal working time, they are still required to be paid. *See* 29 C.F.R. § 778.223 ("working time is not limited to the hours spent in active productive labor, but includes time given by the employee to the employer even though part of the time may be spent in idleness"); 29 C.F.R. § 785.15 ("A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity."). A meal break may only be unpaid if the employee is completely relieved of performing any duties during the break period. *See* 29 C.F.R. § 785.19. ("For example, an office employee who is required to eat at his desk….is working while eating."). Shorter breaks that do not qualify as meal breaks, must still be paid.

Moreover, the entire premise of Defendant's argument, that it needs discovery to establish when Plaintiffs were *not* working, is flawed. Defendant already paid Plaintiffs for their hours of work each week, and those hours, which form the majority of Plaintiffs' working hours, are not at issue. In other words, Defendant is seeking discovery about on-the-clock time when this case is about off-the-clock time. Defendant's request for such documents during Plaintiffs' regularly scheduled shifts would not cover Plaintiffs' off-the-clock overtime hours. In contrast, Defendant maintains records that would show time worked off-the-clock, including time Plaintiffs worked from home, such as emails, Slack messages, travel bookings, expense reports, and computer log-ins. This information can be compared to the hours for which Plaintiffs were already paid.

Hon. Philip M. Halpern
December 30, 2024
Page 6

JONES DAY

                           Very truly yours,

                           */s/ Alex Hartzband*
                           Alex Hartzband

                           */s/ Kristina A. Yost*
                           Kristina A. Yost