UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL BURGARD, on behalf of herself and
others similarly situated,

Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

Defendant.

**ORDER**

24-CV-02885 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Cheryl Burgard, on behalf of herself and others similarly situated, commenced this action on April 16, 2024 against International Business Machines Corporation ("Defendant"), asserting claims for, among other things, failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Since Plaintiff commenced this action, several former or current IBM Executive Assistants have also opted into this action. (Docs. 9, 11, 17, 20, 34, 72). Under the Revised Civil Discovery Plan and Scheduling Order, fact discovery ended on April 15, 2025. (Doc. 59).

The parties, in advance of that deadline, filed a joint letter regarding a discovery dispute on April 4, 2025. (Doc. 67). Defendant asserted that certain opt-in Plaintiffs—MaryBeth Acocella, Bernadette Ocampos Romero, and Ellen Rosner ("Opt-in Plaintiffs")—had "ignored IBM's requests for deposition availability for over three months, failed to verify their interrogatories for over five months, and failed to produce any documents whatsoever." (*Id.* at 3). Plaintiffs, in response, did not dispute that the Opt-in Plaintiffs had: (i) failed to provide deposition dates, (ii) failed to verify their interrogatories; and (iii) failed to produce any documents. (*Id.* at 3-5).

On April 7, 2025, the Court construed the parties' letter as a motion for sanctions under Federal Rules of Civil Procedure 37 and 41 and opposition thereto, and granted Defendant's motion. (Doc. 68, "Prior Order"). The Court directed the Opt-in Plaintiffs to, by no later than April 15, 2025: "(i) respond to Defendant's discovery demands, including serving interrogatory verifications and producing any responsive, non-privileged documents; and (ii) appear for depositions at a mutually agreeable date(s) and times." (*Id.* at 2). The Court further instructed the Opt-in Plaintiffs that "[f]ailure to strictly comply with this Order will result in dismissal of the Opt-in Plaintiffs' Fair Labor Standards Act claims in this action with prejudice." (*Id.*).

On April 22, 2025, Defendant moved the Court for an order dismissing the Opt-in Plaintiffs' FLSA claims in this action, with prejudice. (Doc. 71). According to Defendant, the Opt-in Plaintiffs failed to comply with the Prior Order. (*Id.*). On May 2, 2025, Plaintiffs filed a letter in which they did not contest that the Opt-in Plaintiffs have failed to respond to Defendant's discovery demands or appear for depositions. (Doc. 75).

Having carefully reviewed the parties' submissions, the Court finds that dismissal of the Opt-in Plaintiffs' FLSA claims in this action with prejudice is appropriate. Accordingly, Defendant's motion is GRANTED.

Federal Rule of Civil Procedure 37 permits the Court to dismiss an action or proceeding in whole or in part if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). "A district court has wide discretion in sanctioning a party" under Rule 37. *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999). "In evaluating a district court's exercise of discretion to impose Rule 37 sanctions, [courts] consider a number of factors, including: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the

non-compliant party had been warned of the consequences of . . . noncompliance." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quotation marks omitted).

The record supports a finding that the Opt-in Plaintiffs acted willfully. Indeed, Plaintiffs' counsel confirmed that the Opt-in Plaintiffs have intentionally chosen not to participate in discovery: "Opt-in Plaintiffs do not want to sit for depositions for fear of retaliation." (Doc. 75). The Opt-in Plaintiffs' "fear of retaliation" does not suffice as an "excuse to avoid their depositions" or other discovery obligations. *Morangelli v. Chemed Corp.*, No. 10-CV-00876, 2011 WL 7475, at *2 (E.D.N.Y. 2011) (collecting cases of courts that have employed Rule 37 "to dismiss FLSA plaintiffs who do not attend their depositions"). The FLSA already provides the Opt-in Plaintiffs protection against such retaliation. *See* 29 U.S.C. § 215(a)(3). Moreover, the Opt-in Plaintiffs "apparently did not fear retaliation enough to stop them from putting their names" in public filings as plaintiffs in this action. *Morangelli*, 2011 WL 7475, at *2. It thus "strains credulity to suggest that their" act of sitting for a deposition "would materially increase their risk." *Id.*

The remaining *World Wide* factors also favor dismissal with prejudice. The Opt-in Plaintiffs have failed to sufficiently respond to Defendant's discovery requests for over five months. Moreover, the Court explicitly informed the Opt-in Plaintiffs that a "[f]ailure to strictly comply with [its April 7, 2025] Order will result in dismissal of [their] Fair Labor Standards Act claims in this action with prejudice." (Prior Order at 2). Finally, no lesser sanction would suffice given the Court's prior warning and the Opt-in Plaintiffs' "categorical refusal" to abide by their discovery obligations. *Morangelli*, 2011 WL 7475, at *2.

3

For the foregoing reasons, Defendant's motion is granted. The FLSA claims of Opt-in Plaintiffs MaryBeth Acocella, Bernadette Ocampos Romero, and Ellen Rosner are dismissed with prejudice.

The Clerk of Court is respectfully requested to terminate the pending letter-motion (Doc. 71).

**SO ORDERED.**

Dated:    White Plains, New York
          May 5, 2025

_____
PHILIP M. HALPERN
United States District Judge

4