# JONES DAY

> Application to strike the second consent forms filed by Bernadette Ocampos Romero and Ellen Rosner is granted. Accordingly, the Court strikes Doc. 76 and Doc. 85 from the docket.
>
> The Clerk of Court is respectfully directed to strike documents 76 and 85 from the docket but retain the summary docket text for the record.
>
> Plaintiff, if she be so advised, may file opt-in notices and consent forms on behalf of Cathy Ingegneri, Christine Pace, Joanne Paulo, and Regina Santospirito-Correra.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         June 6, 2025

On behalf of Defendant International Business Machines Corporation ("Defendant" or "IBM"), and pursuant to Rule 2(C) of Your Honor's Individual Practices in Civil Cases, I write to request that the Court enter an order striking the consent forms filed by Bernadette Ocampos Romero and Ellen Rosner in violation of the Court's May 6, 2025 Order dismissing Ocampos Romero, Rosner, and MaryBeth Acocella (the "Unresponsive Plaintiffs") from this action with prejudice.[1]

On April 4, 2025, the parties in this action filed a joint discovery letter, in which IBM requested the Court enter an order warning the Unresponsive Plaintiffs that their failure to participate in discovery by April 15, 2025 will result in dismissal of their FLSA claims with prejudice. (Dkt. 67).  On April 8, 2025, the Court issued an Order providing that the Unresponsive

---

[1] IBM respectfully submits that the Court should construe this letter as a motion to enforce the sanctions ordered by the Court in its April 7, 2025 Order granting IBM's motion for sanctions under Federal Rules of Civil Procedure 37 and 41, (Dkt. 68), and its May 6, 2025 Order dismissing the Unresponsive Plaintiffs' FLSA claims, (Dkt. 77).  IBM further submits that given the appropriateness of such a construction, no pre-motion conference is required under Rule 2(C) of Your Honor's Individual Practices.  Of course, should the Court deem a pre-motion conference appropriate, IBM will make itself available at the Court's convenience.

AMSTERDAM  •  ATLANTA  •  BEIJING  •  BOSTON  •  BRISBANE  •  BRUSSELS  •  CHICAGO  •  CLEVELAND  •  COLUMBUS  •  DALLAS
DETROIT  •  DUBAI  •  DÜSSELDORF  •  FRANKFURT  •  HONG KONG  •  HOUSTON  •  IRVINE  •  LONDON  •  LOS ANGELES  •  MADRID
MELBOURNE  •  MEXICO CITY  •  MIAMI  •  MILAN  •  MINNEAPOLIS  •  MUNICH  •  NEW YORK  •  PARIS  •  PERTH  •  PITTSBURGH
SAN DIEGO  •  SAN FRANCISCO  •  SÃO PAULO  •  SHANGHAI  •  SILICON VALLEY  •  SINGAPORE  •  SYDNEY  •  TAIPEI  •  TOKYO  •  WASHINGTON

JONES DAY

June 3, 2025
Page 2

Plaintiffs "shall, by no later than April 15, 2025: (i) respond to Defendant's discovery demands, including serving interrogatory verifications and producing any responsive, non-privileged documents; and (ii) appear for depositions at a mutually agreeable date(s) and times." (Dkt. 68). The Court warned that the "[f]ailure to strictly comply with this Order will result in dismissal of the [Unresponsive] Plaintiffs' Fair Labor Standards Act claims in this action with prejudice." (*Id.*) Not one of the Unresponsive Plaintiffs complied with the Court's Order. Accordingly, on April 22, 2025, IBM filed a letter-motion for sanctions, requesting that the Court dismiss the Unresponsive Plaintiffs with prejudice. (Dkt. 71). On May 5, 2025, while IBM's letter-motion for sanctions was pending, Plaintiffs filed a new consent form for Ocampos Romero, her second such consent form. (Dkt. 76-1). On May 6, 2025, the Court issued an Order dismissing the Unresponsive Plaintiffs' FLSA claims with prejudice for failing to comply with the Court's April 7, 2025 Order. (Dkt. 77) ("The record supports a finding that the Opt-In Plaintiffs acted willfully" and "have intentionally chosen not to participate in discovery."). In so doing, the Court rejected Plaintiffs' argument that the Unresponsive Plaintiffs should be dismissed without prejudice and "allow[ed] . . . to submit new consent to join forms" during the opt-in period. (Dkt. 75). More than three weeks later, on May 28, 2025, and notwithstanding the Court's May 6, 2025 Order, Plaintiffs filed a new consent form for Rosner, her second such form. (Dkt. 85).

Ocampos Romero and Rosner's new consent forms should be stricken because their FLSA claims were already dismissed with prejudice, and they are therefore precluded from refiling those same claims. *See Thurston v. Flyfit Holdings, LLC*, 2020 WL 2904065, at *4 (S.D.N.Y. June 3, 2020) ("A dismissal with prejudice, unless the court has made some other provision, is subject to

the usual rules of res judicata . . . ." (quoting 9 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2367 (3d ed.)); *see also Simmons v. Trans Express Inc.*, 16 F.4th 357, 362-63 (2d Cir. 2021) (holding that claim preclusion is a defense to an FLSA action even in light of the FLSA's remedial scheme); *Scott v. Chipotle Mexican Grill, Inc.*, 2015 WL 13745760, at *7-8 (S.D.N.Y. July 31, 2015), *report and recommendation adopted as modified*, 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016) (drawing a distinction between FLSA claims dismissed without prejudice, where a plaintiff has "the unfettered right to renew the action against the defendant," and FLSA claims dismissed with prejudice). Not only that, in filing these consent forms, Plaintiffs have violated the Court's May 6, 2025 Order—filing new consent forms despite the fact that the Court *rejected* their argument that they should be allowed to do just that. Accordingly, IBM respectfully requests that the Court enter an order striking the second consent form of Ocampos Romero, filed on May 5, 2025, and the second consent form of Rosner, filed on May 28, 2025, and providing for any other relief the Court deems appropriate.

Very truly yours,

*/s/ Kristina A. Yost*
Kristina A. Yost

cc: All Counsel of Record (via ECF)