UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL BURGARD, on behalf of herself and others similarly situated,

Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES CORPORATION,

Defendant.

**OPINION & ORDER**

24-CV-02885 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Cheryl Burgard ("Burgard") and the opt-in plaintiffs (together, "Plaintiffs") move for partial reconsideration of the Court's September 17, 2026 Opinion & Order (Doc. 126, the "Prior Order")[1] or, in the alternative, leave to amend the complaint. (Doc. 128; Doc. 129, "Pl. Br."; Doc. 130). Defendant International Business Machines Corporation ("IBM" or "Defendant") filed opposition (Doc. 132, "Opp."), and Plaintiffs filed reply (Doc. 134, "Reply").

The Court, in the Prior Order, granted Plaintiff's motion for summary judgment, dismissing Defendant's second affirmative defense, and granted in part and denied in part Defendant's motion for summary judgment, dismissing Burgard's third, fourth, and fifth claims for relief and dismissing those same claims as asserted by the opt-in Plaintiffs without prejudice, but denying summary judgment on Burgard's first and second claims for relief. (*See* Prior Order at 19).[2] Plaintiffs move for reconsideration, seeking reinstatement of the fourth claim for relief, for violation of New York Labor Law ("NYLL") § 193, "solely as it pertains to Opt-in Plaintiffs Janene

[1] This decision is available on commercial databases. *Burgard v. International Business Machines Corporation*, No. 24-CV-02885, 2026 WL 2754626 (S.D.N.Y. Sept. 17, 2026). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

[2] Citations to specific page numbers of filings on the docket correspond to the pagination generated by ECF.

DeChristopher and Susan Glashoff," or, in the alternative, leave to amend to add those claims to the Amended Complaint. (Pl. Br. at 5).[3]

For the reasons set forth below, Plaintiffs' motion is DENIED.

## STANDARD OF REVIEW

### I. Reconsideration

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-02463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)); *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same."). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d

[3] The Court otherwise assumes the parties' familiarity with the underlying procedural history of this action.

697, 701-02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports, Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citation modified). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court has discretion to decline to give such leave where "there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "a showing of delay that results in prejudice to the defendant can support denial of leave to amend." *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, No. 14-CV-06566, 2019 WL 8165893, at *5 (S.D.N.Y. Oct. 9, 2019).

# ANALYSIS

I. Reconsideration

Plaintiffs move to reinstate the fourth claim for relief in the Amended Complaint solely as to opt-in Plaintiffs Janene DeChristopher and Susan Glashoff. (Pl. Br. at 5). The Court dismissed the fourth claim for relief, for deductions from wages under New York Labor Law ("NYLL") § 193, as duplicative of named Plaintiff Burgard's overtime claims, and dismissed the corresponding claims of the opt-in Plaintiffs without prejudice. (Doc. 126 at 15-16, 18-19). Plaintiffs contend that opt-in Plaintiffs DeChristopher and Glashoff were, at various points, part-time executive assistants at IBM and, thus, their lost wages under section 193 "would constitute regular (straight) time," and not overtime. (Pl. Br. at 5). Thus, the "Court overlooked that not all EAAs were full-time employees." (Pl. Br. at 6).

The Court, however, did not overlook that not all Executive Administrative Assistants ("EAAs") were full-time employees, as Defendant points out (Opp. at 8), Plaintiffs never argued or attempted to make any distinction between full-time and part-time EAAs in the briefing on the parties' respective summary judgment motions. Indeed, the only mention of part-time EAAs whatsoever, as Plaintiffs concede, are a few passing references that some EAAs worked part-time schedules in the joint Rule 56.1 Statement. (See Pl. Br. at 6-7; Doc. 113). Defendant argued, in its motion for summary judgment, that if Burgard's claims were dismissed, then the opt-in plaintiffs' claims should be too. (*See* Doc. 111; Doc. 112 at 9, 31). Plaintiffs, in opposition to Defendant's argument, made only a conclusory argument in a footnote, without citing any caselaw, that "IBM's assertion that the Opt-in Plaintiffs' claims should be dismissed based on its motion for Burgard is legally unsupported and meritless." (Doc. 108 at 14 n.7). Plaintiffs cannot now "plug[] the gaps of a lost motion with additional matters." *In re Gen. Motors LLC Ignition Switch Litig.*, 2021 WL

1700318, at *1. Separately, the conditionally certified class of Plaintiffs is "all current and former Executive Assistants of IBM in the State of New York who have worked more than forty (40) hours per week, including on the clock work and off the clock work within three years of the date notice is transmitted." (Doc. 64 at 14). There is no reference to part-time EAAs in that certification; and Plaintiffs' current argument appears to be an afterthought.

Indeed, as Defendants argued in their briefing in support of summary judgment and in opposition to Plaintiffs' motion for reconsideration, Courts routinely dismiss the claims of opt-in plaintiffs when the claims of the named Plaintiff fail. (*See* Opp. at 9; Doc. 112 at 9); *Charlot v. Ecolab, Inc.*, No. 12-CV-04543, 2017 WL 11526717, at *15 (E.D.N.Y. Mar. 29, 2017); *see also Ademi v. Central Park Boathouse, LLC*, No. 22-CV-08535, 2025 WL 2711158, at *7-8 (S.D.N.Y. Sept. 23, 2025) (dismissing NYLL claims of opt-in plaintiffs where the NYLL claim of the named plaintiff was dismissed because "[a]ll of the Opt-in Plaintiffs became full parties to the lawsuit from the time they opted in."). Plaintiffs now attempt to distinguish the cases cited by Defendant in support of its argument, but Plaintiffs are not entitled to a "second bite at the apple." *Analytical Surveys*, 684 F.3d at 52. Plaintiffs could have attempted to distinguish the cases in opposition to Defendant's motion for summary judgment but chose not to do so.

Plaintiffs additionally challenge the Court's alternative holding in a footnote that, even were Burgard's claim not duplicative of her overtime claims, it would likewise fail because it would not count as a "deduction" under section 193. It is true, as Plaintiffs assert, that "the state legislature amended Section 193 to make clear that '[t]here is no exception to liability under this section for the unauthorized failure to pay wages, benefits or wage supplements.'" *Smith v. Lyle*, No. 24-CV-02767, 2025 WL 1684790, at *13 (S.D.N.Y. June 16, 2025) (alteration in original) (quoting NYLL § 193(5)). However, Courts have continued to hold, even after the amendments,

that a failure to pay overtime wages does not constitute a deduction under section 193. *See, e.g.*, *Adams v. Bloomberg L.P.*, No. 20-CV-07724, 2023 WL 5769492, at *9 (S.D.N.Y. Sept. 7, 2023) ("[Plaintiff] does not allege that [Defendant] made any improper deductions from her wages, only that [Defendant] failed to pay overtime wages."); *Vergara v. Mission Capital Advisors, LLC*, 200 A.D.3d 484, 485 (N.Y. App. Div. 2021) ("The complaint fails to state a claim for violation of Labor Law § 193, as it only alleges a wholesale withholding of payment, and not a specific deduction from wages."); *Landry v. K&A Eng'g Consulting P.C.*, No. 60841/2022, 2024 N.Y. Misc. LEXIS 2673, at *14 (Sup. Ct. Feb. 7, 2024) ("While Labor Law § 193's amendments overlap part of the time frame as alleged in the complaint . . . plaintiff still does not have a substantive viable claim under Labor Law § 193. Plaintiff is alleging that he was not paid for overtime hours worked."). Regardless, even if Burgard's claim under section 193 would count as a "deduction," Plaintiffs still have not met their burden of demonstrating that they are entitled to the "extraordinary remedy" that is reconsideration. *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d at 614. In any event, this aspect of the Court's ruling was an alternative explanation, contained in a footnote.

Lastly, denial of reconsideration would not constitute a "manifest injustice" as Plaintiffs contend. (*See* Reply at 10-11). "The 'manifest injustice' standard is, by definition, 'deferential to district courts and provide[s] relief only in the proverbial rare case.'" *Schwartz v. HSCB Bank USA, N.A.*, No. 14-CV-09525, 2017 WL 2634180, at *3 (S.D.N.Y. June 19, 2017) (alteration in original) (quoting *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014)). Plaintiffs have not demonstrated that this is that "proverbial rare case." *See id.* The Court also notes that Plaintiffs' section 193 claim was dismissed without prejudice, which weighs against a finding of manifest injustice. *See Kelly v. LCL Construction Services LLC*, No. 23-CV-07566, 2025 WL 1787169, at *4 (E.D.N.Y. June 27, 2025) (finding no manifest injustice on motion for

reconsideration where case was dismissed without prejudice). These two opt-in Plaintiffs may commence their own separate action.

Accordingly, Plaintiffs' motion, to the extent it seeks partial reconsideration of the Prior Order, is denied, as Plaintiffs have not demonstrated "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Phx. Light SF Ltd.*, 2020 WL 4699043, at *1.

## II. Leave to Amend

Plaintiffs move, in the alternative, for leave to amend the complaint to add a NYLL § 193 claim for opt-in plaintiffs DeChristopher and Glashoff, who worked mostly under forty hours per week. (Pl. Br. at 9-11). Defendant opposes this request. (Opp. at 11-13). For the following reasons, Plaintiffs are denied leave to amend.

The time to move for leave to amend expired on September 4, 2024. (*See* Doc. 33). Thus, the good cause standard set forth in Federal Rule of Civil Procedure 16(b)(4) applies to this requested amendment. Plaintiffs argue that leave to amend is warranted because they were diligent in seeking leave to amend as "the need to amend was solely triggered by the [Prior Order]." (Pl. Br. at 10). However, "Courts in the Second Circuit are reluctant to grant leave to amend where the parties 'have already completed discovery and the defendant has moved for summary judgment.'" *Benefitvision Inc. v. Gentiva Health Servs., Inc.*, No 09-CV-00473, 2015 WL 1034543, at *14 (E.D.N.Y. Feb. 9, 2015) (quoting *Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013)). Here, discovery ended on May 30, 2025 (*see* Doc. 59), and the Court has already decided the parties' respective summary judgment motions. Moreover, as Defendant points out, Plaintiffs pled no "facts distinguishing part-time from full-time Executive Administrative Assistants in their original or amended complaint" and did not argue "the distinction in opposing summary judgment." (Def.

Br. at 12). Thus, Plaintiffs were not diligent in seeking leave to amend, contrary to their assertions otherwise. The Court therefore finds no good cause sufficient to warrant amendment at this late stage of the proceeding. *See Grant v. Witherspoon*, No. 19-CV-02460, 2021 WL 12103904, at *5 (S.D.N.Y. Mar. 19, 2021) ("If [a] party was not diligent, the [good cause] inquiry should end." (alterations in original) (quoting *Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003))).

Accordingly, Plaintiffs' alternative request to amend the complaint is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration or, in the alternative, leave to amend (Doc. 128) is DENIED.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 128.

**SO ORDERED.**

Dated: White Plains, New York
November 16, 2026

HON. PHILIP M. HALPERN
United States District Judge